SUMMARY ORDER

Petitioner Arsen Qemalli, a native and citizen of Albania, seeks review of an April 16, 2008 order of the BIA affirming the September 26, 2006 decision of Immigration Judge (“IJ”) Philip Morace, in which the IJ denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Qemalli, No. A 99 589 975 (B.I.A. Apr. 16, 2008), aff'g No. A 99 589 975 (Immig. Ct. N.Y. City Sept. 26, 2006).
*430 Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination, see Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005), deferring to fact-findings, including adverse-credibility findings, that are supported by substantial evidence, see 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). In conducting our review, we assume the parties’ familiarity with the underlying facts and procedural history in this case.
Qemalli contends that the IJ’s adverse-credibility determination is not supported by substantial evidence because four of the IJ’s predicate findings are either unsupported or contradicted by the record. Before the BIA, however, Qemalli asserted only that he provided a “clear, consistent account” of the difficulties he endured in Albania and that the IJ erred in not giving him the benefit of the doubt. Qemalli cannot now raise arguments he failed to exhaust before the BIA. See Balachova v. Mukasey, 547 F.3d 374, 380 (2d Cir.2008) (holding that adverse-credibility challenge was un-exhausted where petitioner “did not point out any errors in the IJ’s adverse credibility finding on her appeal to the BIA”).
In any event, Qemalli’s arguments lack merit. The IJ’s adverse-credibility determination was based on (1) numerous identified inconsistencies among Qemalli’s testimony, asylum application, and purportedly corroborative evidence; (2) Qemalli’s implausible account of how his employer discovered his homosexuality; (3) Qemalli’s evasiveness when asked whether he was the biological father of his sons; and (4) Qemalli’s failure to corroborate, and thereby rehabilitate, his otherwise-incredible testimony. ' While Qemalli now attempts to offer plausible explanations for certain of the identified inconsistencies, it is not our task to “ ‘hypothesiz[e] excuses’ ” or “ ‘justify[ ] contradictions.’ ” Majidi v. Gonzales, 430 F.3d 77, 80, 81 (2d Cir.2005). Because the IJ’s findings contain record support, we are not compelled to disturb them. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d at 95.
Finally, because Qemalli’s credibility was central to his asylum, withholding-of-removal, and CAT claims — all of which depended on the same factual predicates— the agency’s adverse-credibility determination foreclosed each. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.